v. Colin Garrett Hayden. Mr. Hornsby, you may proceed. May it please the court, Mr. Warner. My name is Troy Hornsby, I represent Colin Hayden. Importantly, let me provide just a tiny bit of background. He was indicted on five offenses. Conspiracy having to do with cocaine and methamphetamine, a firearm offense, which was related, two charges of obstruction, and possession of contraband in a prison. He pled to the contraband, so that's out of the way. The government abandoned one obstruction charge, that's out of the way. He was found not guilty of conspiracy on the cocaine, methamphetamine, and the firearm offense. That's out of the way. That's sort of important to what comes up later, but that leaves us with the obstruction. Now, with regard to the obstruction, I raised three issues in the appeal. Number one, there's factually insufficient evidence of the venue in the Eastern District of Texas where he was tried. One second. I think we're getting too much resonance because I think it's too loud. It's not, I'm sorry, you can have your seven seconds back, but that's what I had to tell you. Should I stand further from the speaker? No, I think it's just that this thing needs to be turned down a little bit. You have a good voice, you don't need the microphone. The second issue is that the venue statute is unconstitutional. The third issue has to do with the acceptance of responsibility he received in the punishment case. I don't think that's a particularly important issue, and I don't plan to spend much time on that. Of course, I'm always available to answer questions. Do you know why that it's not untimely? Sorry, ma'am? Why isn't the venue challenge untimely under 12B3A1? Well, Your Honor, it's still factually required to prove the venue at trial. That's still required. He objected to that with regard to, at the end of the state's evidence, and again at the close of all evidence, and he objected with regard to the charge. Because it's an element, you believe you can raise it later on? Yes, ma'am. If it's required pre-trial, he did not raise that issue, it was not preserved. If that's the determination of the court, then it was not preserved with regard to the venue challenge. Okay. Thank you. The two issues of venue I raised, it's really the same issue. It's hyper-technical to divide that into two. Your argument that you're not subject to plain error, is that what you're saying? I don't believe so. As Judge Elrod said, because it's a so-called element of the crime, element of truth, it's not really an element of the crime so much. No, it's not an element of the crime, but of course it's required for the government to prove that. But no, I don't believe it's subject to plain error because it was preserved with regard to the instructed verdict, sorry, motion 29. You're saying it's not subject to plain error? I'm contending that it's, sorry, we got the two issues, I'm sorry. With regard to the constitutional issue, I'm contending that it's not subject to plain error, but if it was not preserved properly, then it would still fall back to a plain error issue with regard to the constitutional issue on venue, if I'm answering your question correctly. Well, you sufficiently confused me, so maybe that's what you intended. I'm sorry, Your Honor. So I raised two issues. I raised the factual sufficiency of the evidence with regard to the venue, and I raised it with regard to a constitutional challenge with regard to, I'm sorry? I'm talking about just raising the question of venue. When is the first time you said anything about venue? Yeah, I'm sorry, Your Honor. It was at the, I believe it was at the close of the government's case, and an objection was raised that there was insufficient evidence of the venue. I believe that's the first time it was raised. And then it was raised again at the end of all evidence, so it was renewed. And then it came up, once again, his attorney asked for a specific finding with regard to venue in the verdict form, which I didn't exactly follow what was going on there, but he, so he raised it three times during the trial, not pretrial, Your Honor, not pretrial. Counsel, let me try to get at it this way. So I'm looking at the Rule 29 motion that you made in the district court, and I understand what you're saying, or your co-counsel was saying, in the Rule 29 motion is, there's insufficient evidence linking the obstruction that my client committed to the Eastern District. Right. Now that I understand. But what I understand you're raising in your blue brief is a slightly different issue, and I'm looking again at your first question, right, this is, which I guess we would map on to the Rule 29 objection, and what you say is, venue was therefore appropriate pursuant to 18 U.S.C. section 15-1-2-I, but insufficient to meet the constitutional requirements. So that doesn't sound like a sufficiency of the evidence challenge, that sounds like a as-applied constitutional challenge or something. Yes, Your Honor. I think I was being a little too cute. Let me, again, that's why I raised two issues, the constitutional one and the statute, or excuse me, the factual sufficiency one, and I was being a little too cute. I am challenging the factual sufficiency of the evidence with regard to venue. What I'm trying to say, and what I poorly said, is that upon first blush, when you look at the fact that he was charged in the Eastern District of Texas, later on, that that on first blush would seem to establish venue in the Eastern District, that your gut reaction as well, the charge was filed there in the Eastern District of Texas, of course he obstructed in the Eastern District of Texas. That's what I'm trying to say. Yes, it appears that way. Then what I go on to say is, all right, but if we look deeper, if we look closer, specifically if we look constitutionally, there's where we have a problem, and the problem is . . . the root of this problem is the question, when a defendant commits an act that is not in the Eastern District of Texas, with regard to obstruction, the fact that the charge is later brought in the Eastern District of Texas, after the offense, is that sufficient evidence of venue, factually and constitutionally? That's the core question. On both issues, it's exactly the same. So your first . . . I know, sorry. Your first question is a factual one, your second one is a constitutional one? It is. Yes, your Honor, but let me explain the confusion, and I'm creating that, I apologize. There's a factual sufficiency review, but there's also case law that says, hey, your standard of review, when you're looking at factual sufficiency of the evidence, you must also look through the prism of the U.S. Constitution and Rule 18, which follows that. So that standard of review, if that applies, it incorporates the constitutional issue right into the factual sufficiency review issue. They become one and the same, if that's true, if that standard applies. So I only assert it as a second issue, constitutional, the constitutional issue, as a backup, a redundancy, a protection. Even assuming arguendo, it's factually enough, it's still not enough constitutionally. Exactly, yes, that's exactly what I'm saying. That's what you're trying to say. Yes, yes ma'am. But I think those things come together and become sort of the same thing. So why isn't it factually enough, then? And we're back full circle. Yes. All right. There's no question that this offense occurred. My client used Facebook Messenger, which I'm not well versed in, but a texting system through the internet. He used it on April 5th, 6th, 8th, and 9th to text someone. Where was he when he texted him? He's in Florida. Where was the person who was receiving the message? He was in Waco, neither Eastern District of Texas, no question about that. The case was later filed after the last text message. The last text message was on April 9th, I call it a text, I'm sorry, Facebook message on April 9th. April 17th, the charges are brought in the Eastern District of Texas. The charges were not pending at the time of his action. Okay. And you agree that this venue statute doesn't require them to be pending at the time of his action? No sir, it does not. It does not. Is your position that he did not know that the law enforcement officers were looking for him in the Eastern District? He didn't know that the drug conspiracy that he had committed was in the Eastern District? He did not know any of these connections to the Eastern District when he was making the threat? Generally no, but let me give you a detailed answer. No, the drug transaction, let's be clear, the drug transaction was in Dallas. That's Northern District. It's not Eastern District. This offense did not occur in the Eastern District. The drug offense did not occur in the Eastern District. It was in the Northern District. Now geographically speaking, if you know, the Eastern District wraps right around Dallas, so it kind of creates an issue. But it was in Dallas. This wasn't a Plano case. My understanding was it was not a Plano case. You know, Dallas is my understanding. Okay, I'm just trying to. But I didn't try the case. My understanding is it was in Dallas. So the underlying transaction doesn't get us there, right? Now, the text messages don't get us to the Eastern District of Texas. What do we have? We've got the later filing of the offense charges in the Eastern District. Where does Interstate 20 come in? The conspiracy was conducted over Interstate 20 between Dallas and Shreveport. Where does that come into your analysis, or how do you dispose of that? Yeah, there was some evidence that the drugs were coming through Shreveport to Dallas. That your client transported it? No, sir. No, Your Honor, my client had a very limited role in this. Let me give you kind of a general background just so you understand the role. A man was arrested in the Eastern District. He was part of a conspiracy that transported it over I-20 between Dallas and Shreveport, correct? My understanding is, I'm not sure about I-20, but it was over the Eastern District. So the conspiracy would have taken place in the Eastern District of Texas in as much as 20 passes through the Eastern District of Texas. It does pass through the Eastern District of Texas, yes, Your Honor. That's what I understood. I thought that was the basis of the government's argument. I didn't know. And there was one additional fact that was just mentioned, and let me follow up. My understanding is, during the course of the investigation, either an FBI agent or a DPS agent, I'm not clear on which it is, the government can clarify that, tried to contact my client and locate my client and went to his father's home. His father's home is in the Eastern District of Texas and made a telephone call to my client and they had a conversation. That's more than trying. Sorry? That's more than trying. So the DPS trooper talked to your client on the phone? Yes, sir. I did speak to him on the phone. And your client obviously knew that the DPS agent was in the Eastern District because he talked to the family member afterwards who said . . . He did. He knew he was at his father's home and I believe that was in the Eastern District of Texas. I don't think that's an issue. And your client said, now the Fed's hunting me. Yeah. But does that mean that the conspiracy is in the Eastern District? Yeah. I mean, so explain to us exactly what your client did and whether or not . . . Yeah. And I think that's important. There was a man arrested in the Eastern District of Texas and the FBI or DPS used him to say, all right, we're going to go get drugs from your supplier. His supplier being in Dallas, they go to his supplier in Dallas. His supplier got wind of this, took off. But they went to his home or his apartment and in his apartment are two new men who are subletting from this . . . Whose apartment? Sorry? Whose apartment? It's the supplier's apartment. Supplier's apartment. Okay. Yeah. And so they go to the supplier's apartment, but the supplier's long since gone. Two new people are subletting that apartment. Harper and Hayden Collin, my client, are two people in the apartment. They go and they go to Mr. Harper and they say, we'd like to buy some drugs from you. He says, we'll come back again. We'll talk about it. They come back again and they . . . and Harper sells them a small amount of methamphetamine. Then they return to the apartment a second time to try to purchase . . . sorry, actually a third time to try to purchase drugs from Harper. Hayden Collin, my client, answers the door and says, he's asleep. And they say, well, we're here to buy drugs. And he says, well, did you bring money? And they say, yeah, we brought money. He walks down to the car, looks at some money they have, and returns to the apartment. That's his involvement. So he answers the door. He looks at money. That's . . . He didn't finish the transaction. He was not there. He did not finish the transaction. He was not there when the apartment was raided. He did not accept the money and he did not deliver the drugs. What is this . . . I'm trying to say, what does all of this argument that you're making now have to do with the proper venue of the issue? Well, I'm trying to say he had limited involvement with the alleged conspiracy, by the way, which we just found not guilty of that conspiracy. He was . . . Yeah, if he's not guilty of the conspiracy and it's the conspiracy that gives the venue, then why don't you win? Well . . . That's a softball question, I guess. Yeah. Well, I think the core, the question comes down to it, I think the government's position is, and it's not a bad position, is, hey, we filed the charges in Eastern District. You interfered with a witness in the Eastern District. You get tried in the Eastern District. And my gut reaction is, yeah, that sounds good. That sounds right. And so you take a moment and analyze it and look a little deeper at the constitutional angle and you say, wait, wait, is the fact that you filed the charges later in the Eastern District, is that enough to get my client to have proper venue there for that offense? And I don't think it does. Why? There must be a nexus between my client's actions and the later offense in the Eastern District of Texas. There must be a nexus. Now, is the telephone call enough of a nexus? Maybe it is. Maybe it is. And if it is, okay. Then you got us on venue. Um, well, thank you. I think you saved time for me. Oh, and I apologize. I wasn't even watching my time. I apologize. You're all right. Mr. Horner? May it please the court, my name is Jonathan Hornock, I'm here on behalf of the United States of America. Let me jump straight in to the venue because I think that's really the heaviest issue here. I believe the best case for the government on that issue is United States v. Baldeo. It's 615 Fed Appendix 26. It's a Second Circuit case from 2015. There's an in-depth discussion also from the Second Circuit. In the Fed Appendix, is it a binding case in the Second Circuit? It is not a binding case in the Second Circuit. It's not a binding case here. But, it is . . . Wait a minute, not a binding case anywhere, any time, any place. But it's . . . Is that your best authority? Well . . . It sounds like it. What my point is with respect to it being the best case is, in terms of a factual overlay to this case, it matches up perfectly. And in that case . . . If it has no authority, that doesn't matter. Pardon me? If the case has no authority, it doesn't matter whether it matches up with it in every respect, or does it? I think it is persuasive. Okay. Not binding, yet persuasive. U.S. v. Davis, also a Second Circuit opinion, gives it a more fulsome discussion of the matter and is the basis of the Second Circuit's decision in Baldeo. Do you have a good case from the Fifth Circuit? So, the best case, I think, from the Fifth Circuit . . . Tell me first what your position is, and then tell me what case is supported. Sure. So, I believe the shortest route to affirmance here is plain error. This issue here is all about whether subsection I of 1512 is constitutional. That's the question. The question isn't, were the facts sufficient? It's, was that, is that provision applicable, and is it constitutional? If you look at what the arguments that the defendant raises, they both center around that. He even acknowledges that if 1512 applies, then he loses. He never made those constitutional arguments below. He never presented the argument to the district court with any level of specificity that 1512 I was unconstitutional. When he raised, so the only time he raised venue was during his Rule 29 motion. And when he raised that, he said there aren't sufficient facts for venue. The response of the government was to read 1512 I to the court. When the court gave the defendant an opportunity to respond, he said, I have nothing further on this. He never said, yes, I know that's what it says, but there's a constitutional standard that says that that statute is wrong and the court shouldn't apply it. What about his factual argument? That's preserved, right? Certainly his factual argument is preserved, but his factual, the argument that he preserved was the facts are insufficient to meet the standard set out to 1512 I. And that's not, and I think he's conceded that argument here on appeal, saying that it is proper under 1512 I. I don't know that he has conceded his argument appeal. His argument's meandered a bit, but I think he's saying that he didn't do anything in the Eastern District of Texas. Sure. And the conspiracy he wasn't a part of, so. So with respect to the conspiracy, the kind of factually his involvement in that conspiracy, what the evidence demonstrated is that he was, so this is testimony from Harper, the co-conspirator, and his roommate. What Harper said during the trial was that Hayden, who was from Shreveport, knew people from Shreveport and had connected those people with the drug supplier. So those people were traveling through the Eastern District of Texas over Interstate 20 to Dallas, where Harper and Hayden were getting methamphetamine and supplying them, supplying that to those people from Shreveport who were then carrying that methamphetamine back through Shreveport. So what does the fact that he was acquitted on conspiracy charges, how does that affect the argument that you are making now? So I don't think the acquittal can undermine the venue, because I think the venue has to attach at the moment the offense is complete. There's no offense. At the time that the obstruction offense is complete, and I believe the obstruction offense pursuant to the statute, which defines the nature of the offense. So the statute here, 1512, it kind of creates an offense which has a couple of different provisions that kind of build into it. But 1512I, it turns on the intent. So what it says is, a prosecution under this section or Section 1503 may be brought in the district in which the official proceeding, whether or not pending or about to be instituted, was intended to be effected or in the district in which the conduct constituting the alleged offense occurred. Your position is that we determine proper venue here without respect to any consideration of the underlying conspiracy or the other charges that may evolve in the case. Is that what you're saying? Well, what I'm saying is the later acquittal for that conduct doesn't get read into the venue determination. But I do think the underlying offense does affect the venue analysis. Because in this case, he's threatening to kill a witness who is going to testify against him, or he believes is going to testify against him in this case. And so the question is, what is the case, and where is that case likely to be brought? And so there is a sense in which he can look at it, and that's really where the intent is. His intent is to obstruct the proceeding of this underlying case. And if that underlying case was in the Eastern District of Texas, then there's venue in the Eastern District of Texas. If that case was in the Northern District of Texas, there would be venue in the Northern District of Texas. Because his intent is to interfere with the court's power to find the truth. And in that sense, it's very much similar to a contempt violation. His intent is to obstruct. Okay, so what is your evidence that the underlying crime occurred in the Eastern District of Texas? The drug conspiracy? Well, and the facts that support that, what? So for the drug conspiracy, what we relied on with respect to venue was that the defendant had procured buyers from Shreveport to come from Shreveport through the Eastern District  of Texas to come to Shreveport. And they did that multiple times over the course of a month or two. The other aspect of venue is that— I mean, the argument, I guess, would have to be that although there was a conspiracy that is alleged, that you've just alleged, and although he was acquitted of that conspiracy, doesn't mean that the conspiracy didn't occur. Is that what you're saying? What I'm saying is whether the conspiracy actually occurred doesn't matter. What matters is that he formed the intent to affect the proceeding. So the obstruction here, you know, there's different kind of—this is an attempt to— Did you show evidence at the trial that he knew that there was a drug trafficking between Shreveport and Dallas? Yes. That fact was proved? Yes, it was. By the testimony? And his acquittal is not the equivalent of a jury finding that the fact did not occur? That is correct. They didn't believe this co-defendant.  Then why didn't they convict him in the conspiracy? So what one juror said, and this evidence was before the district court, was that they wanted to see his hands on the drugs. Really what I understood it to be is they disagreed with the law. They disagreed with what the law of conspiracy is, and that is that if you agree to be a participant in a drug trafficking enterprise, that you are guilty of that enterprise. And I think the jury— You can't go behind that, though, can you? You can't go behind a jury verdict. I mean, he was acquitted of—he was personally acquitted of conspiracy, which does not mean that a conspiracy did not exist, but that he was not part of it. It proves only that the jury did not believe the evidence of that conspiracy was proof beyond a reasonable doubt. His involvement in it. Yes, his involvement, but it doesn't prove that he was innocent of the conspiracy. It just proves that the jury didn't think it was proof beyond a reasonable doubt. I don't understand that reasoning. I mean, the jury never finds someone innocent. They find them not guilty. There's a difference between innocence and not guilty. So, I mean, it seems like you're really struggling on this thing more than I anticipated that you would. Well, let me maybe get to—back to where I think really the strongest point is here. I think plain error applies on the constitutional challenge, and that's really what's at issue here. He never raised the constitutional challenge below, and thus it must be reviewed for plain error. Under the plain error standard, he's required to establish four prongs under the four-prong plain error standard. He has not even attempted to satisfy prongs two, three, or four. He just hasn't even briefed them. He hasn't also given this court a reason to exercise its plain error review discretion to correct that error. Finally, he's not cited a single case to this court where any court has overturned an express venue provision by Congress. He hasn't cited a case to you, and so, therefore, it can't be a clear or obvious error because there isn't a case that says 1512i is unconstitutional. There isn't a case out there. There's not even a case, and I've looked. There's not even a case that says any venue provision anywhere is unconstitutional because it falls short. Well, assuming you're correct on all of that, you're still the factual one that is preserved, and he is raising, and so can you address that? Is the best argument instead of this highway from Shreveport, is the best argument the call being in the Eastern District? Help us if you have an argument on this. Yes. So I believe it really is what was his intent, and this kind of goes to the authority of the court to . . . What was his intent to do what? So his intent was the statute requires and the jury was instructed that he needed to form the intent to influence, delay, or prevent the testimony of Timothy Harper in this case and official proceeding. Third, the defendant knew or should have known that this case was pending or was likely to be instituted, and so that was the intent he had to develop in order to violate the obstruction statute. So to influence or delay the testimony? Yes, of Timothy Harper. Okay. In this case, an official proceeding. And he doesn't have to influence in any particular area. He can be in Australia and influence that, and that's okay. That's correct. Because the proceeding itself, that's your argument. It's not where the person he's talking to is either. It's where the proceeding is. Is that your position? So it could be in any of those three places. You think any one of those three gets you Eastern District? I don't think any one of those three gets me Eastern District, but I think in any of those places, there is venue. So there would be venue in Florida in this case if he sent the messages from Florida. There would be venue in Waco in the Western District because that was where the messages were received. And there's venue in the Eastern District of Texas because that is where the effect of all of that violated the power of the court. And he knew the proceeding was in the Eastern District at that time? So what he knew was that DPS officers were in the Eastern District looking for him. That's not the proceeding, though. It is not the proceeding, but the proceeding does not need to be pending. The question is— We don't know where the proceeding was going to be. They could be looking for him there, but bring it in Western District because all his involvement is in the Western District. The fact that the DPS officers are looking for him in the Eastern District doesn't tell us at all that the proceeding is going to be in the Eastern District. Or that the crime occurred in the Eastern District. Same thing. So I would direct you to Baldeo because the Second Circuit, looking at that specific factual scenario, found that that was sufficient. So in that case, you've got FBI agents from the Southern District of New York talking to witnesses, and the defendant from outside the Southern District of New York is trying to interfere with that process. But is your case so weak that you have to rely on an unpublished opinion of the Second Circuit to sustain your argument? No, I think—let me also direct your attention to U.S. v. Anderson. This is a 1946 case, and this is the genesis of the test. The locus delecti must be determined from the nature of the crime alleged and the location of the act or acts constituting it. So all the case law since then, including U.S. v. Rodriguez-Moreno, which the defendant cites, they all kind of go back to this test that's announced in U.S. v. Anderson. But the preface to that statement is this. Since the statute does not indicate where Congress considered the place of committing the crime to be, so all of Anderson and its progeny, they really have this carve-out, which is if Congress is explicit about where the offense occurred or where the venue is appropriate, then that's kind of what we follow. So all of these cases really are kind of inapplicable in this case because Congress was explicit in this case, and Congress said the venue is appropriate in the district where the proceeding was pending or likely to be pending, and that's what the jury found. Is this—do we know in the record—I'm not asking you to tell me secret operations of your office. Why was this brought? Is it just because it was a dangling claim that needed to go with the other big conspiracy thing that y'all were doing? Why wasn't this brought in the Western District? So I think this was not brought in the Western District because the rest of the case was in the Eastern District. And so it's kind of, if you look at the contempt case law— and let me direct your attention to a Fifth Circuit case, which is Waffen-Schmidt v. McKay, and that's 763 F. 2nd. 711, and it's 714, I think, is really the relevant part. And in that case, this court found that the court has power to punish contempt that happens completely outside of the district. There's no connection to the district other than that the person out there is interfering with— And this is even before a court proceeding was ever brought? Does that case deal with the court proceeding that's not ever brought yet? This case does not. Waffen-Schmidt—that court proceeding was in existence. That's correct. Whereas in this case, there's not yet a court proceeding, as I understand it. That is correct. So how is this case on point? The reason that this case, I believe, is important, is instructive here, is because what this case demonstrates is that the court has power to reach outside of the district and punish those whose conduct affects the proceedings of the court.  I mean, it existed in a, you know, in a metaphys—it's there, but it did not exist for this proceeding or any proceeding involving these people at that time. It was not—there was no—nothing on the docket. That is correct, but Congress has said that doesn't matter. But it does matter whether he had some reasonable understanding that it would have occurred in the Eastern District. And that's what we're struggling for, is how did he know that this case could be presented in the Eastern District of Texas? And as I understood the case before I came in here was that the government's position was that he knew that there was drug trafficking between Shreveport and Dallas and that I-20 would have to be used. And consequently, the drug conspiracy ran through the Eastern District of Texas and he would have known that. Yes. And that would have given him knowledge that the constructive proceeding was going to be held or could be held in the Eastern District of Texas. That is absolutely right. That is absolutely my position. Well, you—I don't know that you've said that. Maybe you've been bouncing around on it and I haven't heard it. If it's that simple, then why isn't it that simple? I believe it is just that simple. All right. And then the question is if that is your position, then what does the effect of his not— if he's been found not guilty of the conspiracy upon which you are relying to establish the venue of the crime of obstruction? There is no effect because venue attaches when the crime is committed—the crime is complete. So the later fact of the acquittal doesn't change the venue analysis because the venue analysis has to be determined at the outset when the crime is committed. So he's done the elements of the crime and the question is, okay, where can that crime be prosecuted? And that venue analysis is made and is done, and then the fact that he is later acquitted of that isn't—it can't affect it, right? We can't say, well, he was acquitted, therefore, you know, we go back and there was no venue to begin with. Okay, I get it. I get it now. I mean that the acquittal had no effect on—the acquittal had no effect on it.  Thank you. Thank you. Counsel, before we get started, this has been a little bit of a frustrating argument because it's not exactly obvious what the arguments are. So let's put aside what you preserved in your Rule 29 motion. I just want to talk about your blue brief, and I want to understand the questions you have presented in your blue brief to us. So your question presented one says, was the evidence sufficient to establish venue in the Eastern District in light of the constitutional requirements for venue? So that says nothing about whether and to what extent your client knew that the proceedings would be brought there, whether anything about obstruction—so anything about the conspiracy. Hold on. Let's just go through them, okay? Issue one. In this 40 minutes, I've counted 15 separate circumstances where your first question presented is constitutional requirements, constitutional requirements. I can see 1512i has been met as a statutory matter, and the only question is constitutional requirements. I see it on page 24. I see it again on page 31. I see it again on page 32. I see it again on page 33. I see it again on page 36. Yes, Your Honor. So over and over you say constitutional requirements for venue, constitutional requirements for venue. Yes, Your Honor. I've never seen you argue anywhere in this brief that there is insufficient evidence that your client knew that the proceedings would be brought in the Eastern District. All of that discussion is about standard of review and the prism which this court should view the evidence. Can you give me a single place in this brief where you have raised the argument that you raised in your Rule 29 motion? I don't see a single sentence. Every single one of these says, in light of the constitutional requirements, in light of the constitutional requirements, I concede that it's sufficient for 1512i purposes. It's the first sentence in the brief. Yes, Your Honor. That's why I presented it as two separate issues. Issue one was intended to be factual sufficiency in light of the Constitution. And issue two was slightly separate, the constitutionality of the statute. What does that mean? I don't understand what you're saying. Well, there's several cases which cite the standard of review for factual sufficiency, not for constitutionality, for factual sufficiency with regard to venue. It says that the court should look at it, looking at the statute, but always through the prism of the constitutional provision. Judge Oldham says this is the first time you've ever said anything about it. Did you say anything about it in your briefs? About? About the sufficiency of the evidence. Well, that is issue one. It says there's factually insufficient evidence to support it. In light of the constitutional requirements, which you've never said a single word to the district court, I'm looking at your Rule 29 motion. If you wanted to say, as Judge Jolly was pointing out, if the point of your objection on venue was, hey, Eastern District, I don't know anything about the Eastern District. I was in Florida. Hold on. Let me just finish this. Yes, sir. I was in Florida. I was texting someone in Florida. Who knows anything about the Eastern District? That is why God created the pretrial venue objection, right? As you could have said at the beginning, I don't know why we're here, Judge. I have nothing to do with the Eastern District. But that's not what you did. So I'm confused by what you're trying to do now. Yeah. First of all, I wasn't the trial attorney. I'm just appellate counsel. So, yes. That doesn't get you anywhere. Yes, sir. Fair enough. I'm in it on somebody else. You're right. In fact, on the Rule 29 motion, it was simply, hey, just factually, you, government, you don't get there. That's what they were arguing. And I'm trying to reiterate that argument. But I'm trying to reiterate it saying, hey, let's be clear and let's say it's not just factual sufficiency, but it's we get to look through this prism of the Constitution. But to be clear, I separate it again to say, hey, there's Issue 2, which is just Constitution. We're just talking about it. Issue 1, just factual sufficiency. Issue 2 is just the constitutional issue. And I think 1 is the strongest argument, factual sufficiency. And I put them in the order of strength. If you'll notice, Issue 3 is acceptance of the responsibility issue, which is a very small subissue. It's put in order of importance. I get it. But the blue brief, every time in your first question, you keep saying over and over Constitution, Constitution, Constitution. Yes, sir. If you wanted to make the argument that we've been discussing for 40 minutes, you could have made that in the blue brief, but I don't see it here. Well, if you look at my brief under the subheadings, Issue 1, Hayden's criminal acts did not occur in the Eastern District of Texas. Subheading 2 was that the underlying case filed by the government was only filed after the offense. That's factual. But I'm looking at the subheading you just gave me, and the sentence in the body of the argument is, this is the conduct constituting the offense that must be specifically analyzed under the United States Constitution for appropriate venue. It's page 28 of your blue brief. Under the first heading you just gave me. Again, citing the case law, which is saying we're looking at factual sufficiency in light of the Constitution. And the Constitution provides us a good overview because the Constitution says, hey, you've got to be tried in somewhere where the offense was committed. It's simple. I'm not saying anything different than the Constitution says. Try me where I committed the offense. And that's all I'm arguing here. Try me where I committed the offense. Now— Mr. Horton, you need to wrap it up. Yeah, I'm sorry. Yes, Your Honor. I think what this boils down to is some simple points. Where did Hayden intend to interfere with the legal proceeding? Where? Northern District? You bet. You bet. Western District? You bet. Florida? Probably. Eastern District of Texas? Factually, that's a stretch. So, it's four districts down. Four districts down. That's all I have, Your Honor. Thank you. Thank you. This case is submitted, and we appreciate the arguments of both sides. And we note that Mr. Hornsby is court-appointed, and we appreciate your very able argument on behalf of the court.